POSTED ON THE WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 03-33032-D-13L |
| | ) |
| | ) Docket Control No. WW-3 |
| STEVE and SUZANNE STEBBINS, | ) |
| | ) DATE:   June 5, 2007 |
| Debtors. | ) TIME:   1:00 p.m. |
| | ) DEPT:   D (Courtroom 34) |
| | ) |

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

MEMORANDUM DECISION ON APPLICATION RE:
ADDITIONAL FEES AND EXPENSES IN CHAPTER 13 CASE

Steve and Suzanne Stebbins (the "debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on December 2, 2003. Mark Wolff of Wolff & Wolff ("Counsel") has continuously acted as counsel for the debtors and this is Counsel's first fee application (the "Application") in this case. Counsel did have a prior flat fee ("Flat Fee") of $4,000 approved pursuant to the Guidelines for Payment of Attorneys Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines").[1] The Flat

---

[1] The Flat Fee was approved pursuant the Chapter 13 Fee Guidelines effective July 1, 2003. Although not applicable to this case, the fee guidelines were revised effective October 17, 2005.

1  Fee has been paid to Counsel.  Through this application Counsel
2  seeks $3,073.50 in fees and $56.61 in costs in addition to the Flat
3  Fee.
4      Although no party has filed opposition to the Application, the
5  court has an independent duty to review all requests for
6  compensation.  At the outset the court notes that this is a
7  relatively simple and routine Chapter 13 case.  Although the
8  debtors run a small computer parts business there is nothing
9  complex or extraordinary about this case.
10     Section 330 of the Bankruptcy Code sets out the standard by
11 which courts should determine the reasonableness of fees under
12 Section 329 and reasonableness is determined by looking at the
13 nature, extent and value of the services rendered.  See In re
14 Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003).  Section 330(a)(3) of
15 the Bankruptcy Code states that in determining the amount of
16 reasonable compensation the court should consider the nature,
17 extent, and value of the services rendered, taking account of all
18 relevant factors, including the time spent on the services, the
19 rates charged for the services, and the customary compensation of
20 comparably skilled attorneys in other cases.
21     The court notes that under the Fee Guidelines in effect at the
22 time this case was filed, the allowed "opt-in" fee for a Chapter 13
23 was $2,500 for an individual case and $4,000 for a business case.
24 Although attorneys can "opt-out" of the Fee Guidelines, Counsel did
25 not do so here.  Also, there is a general presumption that the
26 amount of attorneys fees provided for in the Fee Guidelines is
27 sufficient to cover the basic attorney services necessary in a
28 routine Chapter 13 case.

/ / /

The Application breaks down the fees between those that were supposedly included in the Flat Fee and those fees that were outside the Flat Fee. When an attorney initially "opts-in" under the Fee Guidelines, and then seeks additional compensation, this breakdown becomes a distinction without a difference. When an attorney seeks fees in addition to the flat fee provided for in the Fee Guidelines, the court will review all time entries from the inception of representation to determine the reasonableness of the fees requested. The court will review a request for additional compensation pursuant to section 329, et. al of the Code the same as if the attorney had opted-out under the Fee Guidelines.

The court now turns to the reasonableness of the fees requested in the Application. Here, the court finds that Counsel's hourly rate is reasonable, the services rendered are of good quality, and that services were skillfully performed. With that said, the court does have concerns regarding various aspects of the Application. The court's concerns include the following: (1) the Application charges for routine work performed by a paralegal or attorney, and then charges again for a review of this work by another attorney; and (2) the Application charges for paralegal time which work is, in essence, administrative or secretarial in nature.

The Application includes multiple time entries where a routine service, such as drafting a letter or simple order, is provided by a paralegal or attorney and charged to the client. This work product is then reviewed by a different attorney, and billed again. This billing for review of routine pleadings or letters is

duplicative and not compensable.

The time sheets filed in support of the Application charge for paralegal time for something as simple as a entering information into a computer. By way of example only, on September 9, 2003 a paralegal charges .8 hours for "Petition preparation entered information re: creditors, assets, income and expenses into Computer." Certain basic services, such as the input of information, preparing a transmittal letter, or faxing a letter, is included in the general office overhead and is not appropriately charged as paralegal or attorney time.

Rather than disallow a specific charge or charges, or reduce time on a line-item basis, the court is going to take a more global approach to the Application. Accordingly, the court will allow a gross fee that it believes is reasonable and appropriate in this case. Having reviewed the docket, the case, and considering the customary compensation in Chapter 13 cases of comparable complexity, the court finds a total fee of $6,000 is reasonable. Counsel has already been paid $4,000, so the court will approve $2,000 in additional fees.

A separate order will be entered consistent with this memorandum decision.

Dated: JUN 2 6 2007

Robert S. Bardwil
United States Bankruptcy Judge

## Certificate of Service

I certify that on ___JUN 2 6 2007___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Wolff
Wolff & Wolff
8861 Williamson Dr., Suite 30
Elk Grove, CA 95624

                                          FOR THE COURT
                                          RICHARD G. HELTZEL
                                          CLERK, U.S. BANKRUPTCY COURT


By: ___Andrua Lovery___
                Deputy Clerk